**UNITED STATES DISTRICT COURT**
**FOR THE**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| **COMMODITY FUTURES TRADING COMMISSION,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**RICHARD E. MASERI,**<br>**RONALD BRUCE ROMBERG a/k/a**<br>**BRUCE ROMBERG,**<br>**AIM INTERNATIONAL, INC.,**<br>**BULLSEYE INTERNATIONAL, INC. and**<br>**PRIVATE RESEARCH, INC.**<br><br>**Defendants.** | **CIVIL ACTION NO.**<br>**95-6970-CIV-DAVIS**<br>**Magistrate Judge Garber**<br><br>**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST RICHARD E. MASERI** |

FILED by [signature] D.C.
OCT 25 1995

Plaintiff, Commodity Futures Trading Commission ("Commission"), filed a complaint on October 16, 1995 against Richard E. Maseri ("Maseri") and others seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), as amended, 7 U.S.C. §§ 1 et seq. (1994), and the Commission's Regulations, 17 C.F.R. §§ 1 et seq. (1995). On the same date, the Court issued a statutory Ex Parte Restraining Order pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1 (1994), against defendant Maseri, prohibiting him from dissipating assets and destroying records and compelling production and access to records. In addition, the Ex Parte Restraining Order appointed Henry Latimer, Esq., 100 N.E. 3rd Avenue, Suite 900, Ft.

19

Lauderdale, Florida 33301, as temporary receiver to administer the statutory Ex Parte order.

To effect a resolution with regard to the preliminary relief sought by plaintiff herein, defendant Maseri, without admitting or denying the allegations, except as otherwise stated herein, consents to the entry of this Order of Preliminary Injunction. Maseri also acknowledges service upon him of the Summons and Complaint, admits jurisdiction of this Court over him and the subject matter of this action, admits that venue lies properly with this Court, waives the entry of findings of fact and conclusions of law in this action pursuant to Rule 52 of the Federal Rules of Civil Procedure, and also consents to the continued jurisdiction of the Court for the purpose of enforcing the terms and conditions of this Consent Order of Preliminary Injunction and for any other purposes relevant to the case.

Defendant Maseri further affirms that he has agreed to this Consent Order of Preliminary Injunction voluntarily, and that no promise or threat has been made by the Commission or the State, or any member, officer, agent or representative thereof, or by any other person, to induce him to consent to this order.

The Court, being fully advised on the premises but without adjudicating the facts, finds that there is good cause for the entry of this Consent Order of Preliminary Injunction against defendant Maseri.

**A. IT IS ORDERED** that defendant Maseri and those persons or entities in active concert or participation with him who receive

actual notice of this order by personal service or otherwise, shall be prohibited from directly or indirectly:

(1) In or in connection with any order to make, or the making of, any contract of sale of any commodity for future delivery, made, or to be made, for or on behalf of any other person, if such contract for future delivery is or may be used for: (a) hedging any transaction in interstate commerce in such commodity or the products or byproducts thereof, or (b) determining the price basis of any transaction in interstate commerce in such commodity, or (c) delivering any such commodity sold, shipped, or received in interstate commerce for the fulfillment thereof, to cheat or defraud or attempt to cheat or defraud other persons; or willfully to deceive or attempt to deceive such other person by any means whatsoever in regard to any order or contract or the disposition or execution of any such order or contract or in regard to any act of agency performed with respect to such order or contract for such person, in violation of Sections 4b(a)(i) and (iii) of the Act, 7 U.S.C. §§ 6b(a)(i) and (iii) (1994);

(2) While acting as a commodity trading advisor ("CTA") or commodity pool operator ("CPO"), to employ any device, scheme or artifice to defraud any client or participant or prospective client or participant, or to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or participant or prospective client or participant, in violation of Section 4o(1) of the Act, 7 U.S.C. § 6o (1) (1994);

(3) Acting as a CTA or CPO without being registered as such, by making use of the mails or any means or instrumentality of interstate commerce in connection with the business of a CTA or CPO, in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1)(1994);

(4) Acting as an FCM without being registered as such, by soliciting and accepting orders for the purchase of any commodity for future delivery on or subject to the rules of any contract market and, in or in connection with the solicitation or acceptance of such orders, accepting money, securities or property (or extending credit in lieu thereof) to margin, guarantee, or secure any

trades or contracts that result or may result therefrom, in violation of Section 4d(1) of the Act, 7 U.S.C. § 6d(1) (1994);

(5) While registered or required to be registered with the Commission under the Act, embezzling, stealing, purloining and/or with criminal intent converting to his own use or the use of another money having a value in excess of $100.00, received to margin, guarantee, or secure the trades or contracts of customers or which otherwise accrued to a customer or customers as a result of such trades or contracts, or otherwise received in connection with his business, or commingling such property with their own, in violation of Section 9(a)(1) of the Act, 7 U.S.C. § 13(a)(1) (1994); and

(6) While registered or required to be registered with the Commission as a CTA or CPO, failing to provide customers with required Disclosure Documents in the form and manner specified by the Commission, in violation of Sections 4.21 and 4.31 of the Commission's Regulations, 17 C.F.R. §§ 4.21, 4.31 (1995).

**B. IT IS FURTHER ORDERED** that representatives of the Commission have immediate access to the records of the defendant, including all those pertaining to AIM International Inc., Bullseye International, Inc., Private Research, Inc. and Computerized Assisted Trading, Inc. customers, and to inspect and to immediately copy the books, records, and other documents, wherever they may be situated.

**C. IT IS FURTHER ORDERED** that defendant Maseri and persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, are enjoined and restrained from failing to allow and refusing to grant the Commission access to inspect and copy, when and as requested, all books, documents and records of the defendant,

including all those pertaining to AIM International Inc., Bullseye International, Inc., Private Research, Inc. and Computerized Assisted Trading, Inc. customers.

D. **IT IS FURTHER ORDERED** that this Court's Ex Parte Restraining Order, except as modified by Paragraph E herein and except that the appointment of the temporary receiver is terminated, shall remain in full force and effect, until further order of the Court. The Ex Parte Restraining Order provides that Maseri, and any of his officers, agents, servants, employees, and attorneys-in-fact and persons in active concert or participation with him, who receive actual notice of this order by personal service or otherwise, are enjoined and restrained from directly or indirectly:

(1) dissipating, withdrawing, transferring, removing, concealing, or disposing of funds, assets or other property of Maseri; and

(2) destroying, mutilating, concealing, altering, or disposing of, in any manner, any of the books, records, documents correspondence, brochures, manuals, electronically stored data, tape recordings, or other property of Maseri, wherever situated.

E. **IT IS FURTHER ORDERED** that the Court will entertain application for reasonable attorneys' fees and costs. The Court will also entertain application for reasonable and necessary living expenses upon written application to this Court, under oath and filed with the Clerk of the Court, setting forth in detail, and fully substantiated by all relevant financial documentation, the amount of funds necessary to pay reasonable and necessary

living expenses, and a description of the expenses for which those funds are to be applied. The Commission may object or otherwise respond to the amount requested in such application.

**F. IT IS FURTHER ORDERED** that defendant Maseri shall produce to representatives of the plaintiff, and plaintiff shall take possession, custody and control of, all records pertaining to AIM International, Inc., Bullseye International, Inc. and Private Research, Inc., by or before November 2, 1995.

**G. IT IS FURTHER ORDERED** that defendant Maseri produce a summary accounting listing all assets obtained by Maseri as a result of the activities of Private Research, Inc. AIM International, Inc., Bullseye International, Inc. or any activities as a commodity trading advisor or activities in which Maseri offered or sold to the public any commodity futures trading system or program, from March 1993 to the present, and the disposition thereof, within 15 days of the date of the signing of this order.

**H. IT IS FURTHER ORDERED** that this Court shall retain jurisdiction over this cause in order to determine whether other relief is necessary and appropriate under the circumstances and in order to assure compliance with this order.

**I. IT IS FURTHER ORDERED** that this Order shall continue until further order of this Court.

Done and ordered this 25th day of October, 1995, at Miami, Florida.

EDWARD B. DAVIS
UNITED STATES DISTRICT JUDGE

Approved for Entry:

Richard A. Maseri
5856 Windrift Lane
Boca Raton, Fl. 33433

Date: 10/24/95

Richard B. Wagner, Esq.
Joseph Vargyas, Esq.
Todd Kelly, Esq.
Attorneys for Plaintiff
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D.C. 20581

Date: 10/24/95

Thomas Tew, Esq.
Joseph A. DeMaria, Esq.
Attorneys for Defendant
Richard Maseri
TEW & BEASLEY
201 S. Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131-4336

Date: 10/24/95

**SERVICE LIST**

**CASE NO. 95-6970-CIV-DAVIS**

Commodity Futures Trading Commission, Plaintiff,

v.

Richard E. Maseri, Ronald Bruce Romberg, a/k/a Bruce Romberg, AIM International, Inc. Bullseye International, Inc., and Private Research, Inc., Defendant.

Richard B. Wagner
Joseph Vargyas
Todd Kelly
Commodity Futures Trading Commission
Three Lafayette Centre
1155 21st Street, N.W.
Washington, D. C. 20581

Tew & Beasley
Thomas Tew
Joseph A. DeMaria
201 S. Biscayne Boulevard
2600 Miami Center
Miami, Florida 33131-4336

William S. Scott
2730 S.W. 3rd Avenue, Suite 511
Miami, Fl 33129